UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYRNA GARCIA,

    Plaintiff,

v.                                     Case No. 8:20-cv-1728-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 202-13).[2] The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 78-79, 110-11). Plaintiff then requested an administrative hearing (Tr. 139-40). Per

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] All references to "Tr." refer to the transcript and page numbers of the Social Security administrative record filed on February 16, 2021 (Doc. 16).

Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 169-87). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7-26). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a Complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1958, claimed disability beginning September 30, 2016 (Tr. 10). Plaintiff obtained an eighth grade education (Tr. 36). Plaintiff's past relevant work experience included work as a cook helper/waitress (Tr. 18). Plaintiff alleged disability due to arthritic conditions involving her spine, ankles, and knees, as well as disability due to anxiety (Tr. 57).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2021 and had not engaged in substantial gainful activity since September 30, 2016, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obesity, spine disorders, and osteoarthritis (*Id.*). Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) (Tr. 15). The ALJ

determined that Plaintiff can lift and carry 50 pounds occasionally and 25 pounds frequently, can sit, stand, and walk for six hours, and can push and pull as much as Plaintiff can lift and carry (*Id.*). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 15-16).

Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform any of Plaintiff's past work as a cook/helper and waitress (Tr. 18-19). In addition to past relevant work, the VE also testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as hand packager, stores laborer, and laundry worker (Tr. 19-20). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 20).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological

abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### IV.   Analysis

Plaintiff alleges that the ALJ erred (A) by failing to properly consider Plaintiff's complaints of pain and other subjective symptoms, and (B) in formulating Plaintiff's RFC for medium work (Doc. 28 at 10-28). For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. Subjective Complaints of Pain

First, Plaintiff contends the ALJ improperly discounted Plaintiff's subjective complaints of pain by mischaracterizing Plaintiff's daily activities and by improperly relying on Plaintiff's medical treatment history (Doc. 28 at 10-15). The Commissioner responds that the ALJ properly considered Plaintiff's subjective complaints in relation to the evidence of record, and articulated reasons for finding these complaints inconsistent with the record (*Id.* at 17).

In determining whether a claimant is disabled, the ALJ considers all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). Once a claimant establishes that her pain or other subjective symptoms are disabling, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 155 (11th Cir. 2021) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

The Eleventh Circuit has established a three-part "pain standard" for the Commissioner to apply in evaluating a claimant's subjective complaints. The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "When evaluating a claimant's subjective symptoms, the ALJ must consider such

6

things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). If an ALJ rejects a claimant's subjective testimony, he must articulate explicit and adequate reasons for his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation and citation omitted).[3]

The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1629(c)(2), 416.929(c)(2). "Other evidence" includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1629(c)(3), 416.929(c)(3). In the end, subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, while the ALJ used boilerplate language[4] to describe her assessment of Plaintiff's subjective pain complaints, it directly addresses the Eleventh Circuit's pain

---

[3] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA eliminated the use of the term "credibility" from its sub-regulatory policy, as the Regulations do not use this term. SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). This change "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *Id.*

[4] "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" (Tr. 15).

things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). If an ALJ rejects a claimant's subjective testimony, he must articulate explicit and adequate reasons for his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation and citation omitted).[3]

The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1629(c)(2), 416.929(c)(2). "Other evidence" includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1629(c)(3), 416.929(c)(3). In the end, subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, while the ALJ used boilerplate language[4] to describe her assessment of Plaintiff's subjective pain complaints, it directly addresses the Eleventh Circuit's pain

---

[3] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA eliminated the use of the term "credibility" from its sub-regulatory policy, as the Regulations do not use this term. SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). This change "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *Id.*

[4] "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" (Tr. 15).

standard and is not improper *if* supported by substantial evidence. *See Danan v. Colvin*, 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013), *report and recommendation adopted* 2013 WL 1694841 (M.D. Fla. Apr. 18, 2013). The Court finds that the ALJ's assessment of Plaintiff's subjective complaints of pain is supported by substantial evidence.

In evaluating Plaintiff's subjective complaints, the ALJ outlined Plaintiff's reported daily activities (Tr. 15). Specifically, the ALJ summarized Plaintiff's testimony regarding Plaintiff's completion of household chores, including preparing meals for her son and grandson, making her bed, and straightening up her home (Tr. 15, 45-46, 245). The ALJ also cited Plaintiff's reported ability to grocery shop and stand in a check-out line (Tr. 15, 46-47, 245, 390). In reviewing Plaintiff's reported activities, the ALJ found that the "significant physical and mental demands" required by these activities were not consistent with the level of limitation Plaintiff alleges (Tr. 16).

In addition, the ALJ considered Plaintiff's reported complaints in her medical records and compared those complaints to the examination findings (Tr. 16-17). Despite Plaintiff's reported pain in her legs, hips, knees, ankles, and back (Tr. 300, 314, 316, 320, 351), Plaintiff's examination notes generally display no acute distress, normal range of motion, full strength, and normal muscle tone (Tr. 314, 316, 322, 351, 357, 391). Further, more recent treatment notes show Plaintiff as experiencing some relief from medications (Tr. 365). While Plaintiff's medical records did support reported complaints of pain, mild joint space narrowing with stenosis, some swelling, and mildly asymmetrical gait (Tr. 300), the ALJ found that by limiting Plaintiff to medium work and including additional

8

postural limitations, the formulated RFC adequately accommodated Plaintiff's physical impairments (Tr. 17).

Plaintiff briefly argues that the ALJ erred in underscoring Plaintiff's gaps in treatment and failure to seek treatment with recommended referrals, and that such failures are due to Plaintiff's "financial problems" (Doc. 28 at 14). Plaintiff's treatment notes show an eleven-month gap in treatment from August 2016 to July 2017 and another nine-month gap from July 2017 to March 2018 (Tr. 300, 313, 320). Despite treatment notes showing referrals to specialists in orthopedics, pain management, and physical therapy, Plaintiff's record suggests a failure to follow through, because "the referral she got was too far away from her place" (Tr. 365-66, 370-71).

While a failure to follow prescribed medical treatment without good reason will "preclude a finding of disability," poverty may excuse noncompliance. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). When an ALJ relies solely on noncompliance for disability denial and the record "contains evidence showing that the claimant is financially unable to comply with prescribed treatment," the ALJ is required to determine whether the claimant was able to afford the prescribed treatment. *Id.* In the instant case, despite Plaintiff's mention of financial issues in her argument, the record fails to note such issues. In fact, Plaintiff's treatment notes explicitly underscore an absence of financial concerns (Tr. 352, 366, 370). Moreover, while the ALJ noted Plaintiff's gap in treatment and failure to follow through with referrals (Tr. 16-17), Plaintiff's noncompliance was only one of many factors the ALJ considered when assessing Plaintiff's subjective complaints of pain.

9

A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Foote*, 67 F.3d at 1562 (*per curiam*) (citation omitted). Here, the ALJ articulated explicit and adequate reasons for discrediting Plaintiff's subjective complaints of pain, relying on Plaintiff's daily activities, medical treatment notes, and treatment history. *See Dyer*, 395 F.3d at 1210. In reviewing Plaintiff's medical record and examining the record as a whole, the ALJ then determined that the formulated RFC appropriately reflects the most Plaintiff could do on a sustained basis (Tr. 17). To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. On this record, the ALJ did not err in considering Plaintiff's subjective complaints.[5]

### B. RFC Formulation

Plaintiff also challenges the ALJ's RFC formulation (Doc. 28 at 24). First, Plaintiff argues that substantial evidence does not support the finding that Plaintiff can perform medium work (*Id.* at 25). Plaintiff next argues that the ALJ's formulated RFC is flawed due to the ALJ's alleged failure to include opinion evidence from examining consultants about Plaintiff's RFC for medium work (*Id.* at 27). Lastly, Plaintiff contends that the RFC is flawed because it lacks mental limitations (*Id.* at 28). The Commissioner responds that

---

[5] The undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth*, 703 F.2d at 1239.

the ALJ adequately assessed limitations in Plaintiff's RFC consistent with the evidence of record (*Id.* at 29). The Court addresses each argument in turn.

A claimant's RFC is the most work a claimant can do despite any limitations caused by her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In formulating a claimant's RFC, the ALJ must consider all impairments and the extent to which they are consistent with medical evidence. 20 C.F.R. §§ 404.1545(a)(2), (e), 416.945(a)(2), (e). An ALJ may not arbitrarily reject or ignore uncontroverted medical evidence. *McCruter v. Bowen,* 791 F.2d 1544, 1548 (11th Cir. 1986) (administrative review must be of the entire record; accordingly, ALJ cannot point to evidence that supports the decision but disregard other contrary evidence). A claimant's RFC is a formulation reserved for the ALJ, who must support her findings with substantial evidence. *See* 20 C.F.R. §§ 404.1646(c), 416.946(c); *Beegle v. Comm'r of Soc. Sec. Admin.*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor."). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson*, 284 F.3d at 1221. Substantial evidence is "more than a mere scintilla" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154.

1. *Medium Work*

To support the RFC for medium work, the ALJ relied on Plaintiff's testimony, the objective medical record, including medical imaging, Plaintiff's treatment notes, and the opinions of agency medical consultants (Tr. 18). As discussed above, the ALJ considered Plaintiff's subjective complaints of pain in assessing Plaintiff's RFC. While the ALJ credits Plaintiff's symptoms of knee, shoulder, foot, and back pain, the ALJ ultimately found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with Plaintiff's own reported daily activities and the medical evidence of record (Tr. 15).

In assessing Plaintiff's medical record, the ALJ chronologically reviewed Plaintiff's treatment history, beginning in 2016 (Tr. 16, 300). In August 2016, Plaintiff was treated for pain in her left leg and hip (Tr. 300). Plaintiff displayed swelling, joint stiffness, and decreased range of motion with lateral bending, but had no unsteadiness, normal station, and good posture (*Id.*). Examination notes further show Plaintiff had normal strength and tone, and full range of motion in hips, knees, and ankles (*Id.*). Medical imaging results from August 2016 showed degenerative disc and joint disease, but no acute abnormalities (Tr. 311). As noted by the ALJ in her decision, Plaintiff did not seek treatment following her August 2016 for almost one year (Tr. 16, 313). In July 2017, Plaintiff reported with left knee pain and reported that her leg gives out when she is walking, but notes show that Plaintiff denied back pain, joint pain, muscle weakness, and stiffness, and displayed normal range of motion with no joint enlargement or tenderness (Tr. 313-14). The next treatment notes in Plaintiff's medical record date to March 2018, where Plaintiff presented

for a Social Security Disability Determination exam with Adam Greenfield, D.O. ("Dr. Greenfield") (Tr. 320). Plaintiff complained of chronic pain in her knee, shoulder, and ankle, but displayed no acute distress, and showed full range of motion in both her cervical and lumbar region (Tr. 320-22). Dr. Greenfield noted that Plaintiff walks with a normal gait and does not use assistive devices, and that, despite having a history of chronic pain in her knee, shoulder, and ankle, Plaintiff has "had no work up for this" (Tr. 322). During her March 2018 examination, Plaintiff had no tenderness and did not have any straight or seated leg raisings that were positive (*Id.*).

In May 2018, Plaintiff established care with a new provider and presented with knee, ankle, and hip pain (Tr. 351). Plaintiff's examination showed ankle swelling and mild asymmetrical gait, but displayed normal strength and muscle tone (Tr. 352-53). At her ten week follow up appointment, Plaintiff reported that her osteoarthritis symptoms were not well controlled with her current medications, and that she experienced hip, knee, and ankle pain (Tr. 369). Musculoskeletal examination showed ankle swelling and mild asymmetrical gait, but Plaintiff displayed normal strength and tone (Tr. 370). Plaintiff was referred to specialists in orthopedics, pain management, and physical therapy, but Plaintiff's record suggests no follow through on these referrals (Tr. 365-66, 370-71). During her fifteen week follow up, Plaintiff reported that her osteoarthritis symptoms were partially relived with her current medications, but still experienced some pain in her knees, ankles, shoulders, and hand (Tr. 365). Musculoskeletal examination continued to show ankle swelling, mild asymmetrical gait with normal muscle strength and tone (Tr. 366). Plaintiff's most recent medical records, dated August 2019, show continued complaints of

pain but examination notes display no acute distress and normal musculoskeletal system (Tr. 389-91).

Despite Plaintiff's continued complaints of pain, Plaintiff's medical findings and treatment notes, along with Plaintiff's own reported activities, do not support Plaintiff's alleged severity. Moreover, substantial evidence, as evidenced above, supports the ALJ's finding that Plaintiff can perform medium work. While Plaintiff contends that the medical evidence of her arthritis, swelling, and mildly asymmetrical gait precludes medium work, Plaintiff has not shown evidence to support her contention. The claimant bears the burden of providing medical evidence showing she is disabled and the ALJ is charged with developing a full and fair record. *Ellison*, 355 F.3d at 1276. If the claimant demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Brown*, 44 F.3d at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (internal quotation and citation omitted). Here, Plaintiff's complaints and findings remain relatively consistent throughout the record and Plaintiff has not demonstrated such gaps.

2. *Examining Consultants*

Plaintiff's argument related to the absence of opinion evidence from examining consultants is equally flawed. According to Plaintiff, the ALJ erred by arriving at a medium RFC because "there was no opinion evidence or physical RFC in the record regarding [Plaintiff's] physical functional capacity other than non-examining

14

consultants." (Doc. 28 at 27). Plaintiff further argues that the ALJ "should have sent" Plaintiff to a physical consultative examination to obtain opinion evidence related to Plaintiff's ability to perform physical demands of medium work, and that it was error for the ALJ to arrive at her own RFC. (*Id.*)

In claims submitted on or after March 27, 2017, as is the case here, an ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding, including from a claimant's medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, in assessing a medical opinion, an ALJ considers a variety of factors, including but not limited to whether an opinion is well-supported, whether an opinion is consistent with the record, the treatment relationship between the medical source and the claimant, and the area of the medical source's specialization. 20 C.F.R. §§ 404.1520c(c)(1)-(4), 416.920c(c)(1)-(4). The primary factors an ALJ will consider when evaluating the persuasiveness of a medical opinion are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2). Further, the ALJ does not need to address every finding set forth by a medical source. *See Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (citation omitted) (finding that the ALJ did not err by failing to specifically address a medical source's opinion regarding various limitations, as the ALJ's decision made clear that the ALJ considered both the medical source's opinion and the plaintiff's medical condition as a whole); *Dyer,* 395 F.3d at 1211 (citation omitted) (indicating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" as long as the decision is not a broad rejection, meaning not enough to enable the court to

15

conclude that the ALJ considered a claimant's medical condition as a whole). Lastly, while an ALJ has a duty to develop the record, the ALJ is not required to order a consultative examination as long as the record contains sufficient evidence upon which the ALJ can make an informed decision. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)); see 20 C.F.R. §§ 404.1512(e), 404.1519a, 416.912(e), 416.919a.

Here, the ALJ notes in her decision that she considered the medical opinions and the prior administrative medical findings in Plaintiff's record (Tr. 18). The ALJ summarizes the opinions of two state agency consultants, finding both opinions to be persuasive given the level of detailed explanation of the records, "which support the findings" and "are consistent with the medical record." (*Id.*). In reviewing these opinions, the ALJ considered the consistency with the record and the consultants' area of expertise.[6] The ALJ appropriately considered a variety of factors when reviewing the opinion evidence and substantial evidence supports the ALJ's finding that the consultants' determinations are persuasive. Contrary to Plaintiff's argument, the ALJ was not required to order additional consultative examinations, given the sufficient evidence in the record. *See Ingram*, 496 F.3d at 1269.

Moreover, Plaintiff's argument that it was error for the ALJ to "arrive[] at her own RFC," misconstrues the ALJ's role. The task of determining a claimant's RFC and ability to work is the duty of the ALJ alone. *See Robinson v. Astrue*, 365 F. App'x 993, 999 (11th

---

[6] State agency medical consultants are considered experts in the Social Security disability evaluation process. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

Cir. 2010). After reviewing Plaintiff's own testimony, reported daily activities, medical treatment and findings, as well as the opinions of state agency medical consultants, the ALJ arrived at her own formulated RFC, supported by substantial evidence of record.

3. *Mental Limitations*

Finally, Plaintiff argues that the ALJ erred by failing to include mental limitations in the formulated RFC (Doc. 28 at 28). According to Plaintiff, symptoms of Plaintiff's anxiety and depression should have been included as limitations in the RFC and in the hypothetical posed to the VE (*Id.*).

Prior to formulating a claimant's RFC, the ALJ considers the medical severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to perform basic work activities. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (*per curiam*) (citations omitted); 20 C.F.R. §§ 404.1521, 416.921. While an ALJ need not determine that every impairment is severe, an ALJ must consider all the record evidence, including evidence of non-severe impairments, in making the RFC determination. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).

Here, the ALJ determined that Plaintiff's anxiety and depression, considered singly and in combination, did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities (Tr. 13). In making this determination, the ALJ reviewed Plaintiff's ability to understand, remember, and apply information, interact with others, concentrate, persist, and maintain pace, and adapt or manage herself (*Id.*). The

17

ALJ relied on Plaintiff's reported daily activities, like her ability to manage personal finances, do household chores, and watch her grandchildren (*Id.*). The ALJ also underscored Plaintiff's Work History Report, completed in April 2018, in which Plaintiff states "that the anxiety is not severe enough to keep her from working" a forty-hour work week (Tr. 13, 253). Lastly, the ALJ reviewed the opinion of state agency psychological consultant Nancy Didwoodie, M.D., who found that Plaintiff's mental impairments did no more than minimally limit Plaintiff's ability to do basic work activities (Tr. 13, 87-88).

Despite the ALJ's finding that Plaintiff's mental impairments were non-severe, the ALJ reviewed Plaintiff's medical history related to anxiety and depression in the ALJ's RFC formulation (R. 15-18). The ALJ underscored Plaintiff's ability to read and understand an article, focus on and understand television shows, and act appropriately around strangers (R. at 15). The ALJ went on to review Plaintiff's medical record, including Plaintiff's reports of anxiety and depression (R. at 16-18). Based on the ALJ's acknowledgment and review of Plaintiff's mental health history, substantial evidence supports the ALJ's decision to not include mental limitations in Plaintiff's RFC.

Lastly, Plaintiff's contention that Plaintiff's anxiety and depression should have been included in the hypothetical posed to the VE is misplaced. While an ALJ is required to comprehensively describe the claimant's impairments in the hypothetical question posed to the VE, the hypothetical may omit impairments that the ALJ has found to be non-severe. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985); *see also Loveless v. Massanari*, 136 F.Supp.2d 1245, 1250-51 (M.D. Ala. 2001). As discussed above, substantial evidence supports the ALJ's determination of Plaintiff's mental impairments

as non-severe. The ALJ's hypothetical questions posed to the VE, therefore, appropriately omitted Plaintiff's anxiety and depression. Accordingly, the ALJ did not err.

**V.     Conclusion**

For all of these reasons, the Court finds no error in the ALJ's decision and finds that it is supported by substantial evidence. Accordingly, after consideration, it is hereby **ORDERED**:

    1.  The decision of the Commissioner is affirmed.

    2.  The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

**ORDERED** in Tampa, Florida, on this 27th day of January 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE